582 A.2d 646

IN THE MATTER OF ARNOLD J. SPERLING, AN ATTORNEY–AT–LAW.

November 30, 1990.

Carl Stier, Bloomfield, for respondent.

David E. Johnson, Jr., Director, for Office of Atty. Ethics.

## CONSENT ORDER

THIS MATTER, having been opened to the Court by DAVID E. JOHNSON, JR., Director, Office of Attorney Ethics, and with the consent of the Respondent, Arnold J. Sperling, of Morristown, and Respondent's Counsel, Carl Stier, and it appearing that the Office of Attorney Ethics and Respondent having agreed that Respondent is presently unable to engage in the practice of law and should be transferred to "disability inactive" status pursuant to R.1:20–9,

IT IS ORDERED that:

1. Arnold J. Sperling of Morristown is hereby transferred to "disability inactive" status, effective immediately, and until further Order of the Court.

2.  Arnold J. Sperling is hereby restrained and enjoined from practicing law during the period that he remains on "disability inactive" status.

3.  The Office of Attorney Ethics take such protective action pursuant to *R*.1:20–11(c), as may be appropriate to gain possession and control of the legal files, records, practice and trust assets of Arnold J. Sperling wherever situate.

4.  All funds, if any, presently existing in any New Jersey financial institution maintained by Arnold J. Sperling pursuant to *R*.1:21–6 shall be restrained from disbursement and shall be transmitted by the banks which are the present custodians thereof to the Clerk of the Superior Court for deposit in the Superior Court Trust Fund pending the further Order of this Court.

5.  Arnold J. Sperling shall, pursuant to *R*.1:20–9(e), comply with Administrative Guideline 23 of the Office of Attorney Ethics governing suspended, disbarred or disabled attorneys.